UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| MELVA TAYLOR, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 4:08-cv-6 |
| | ) | |
| v. | ) | Judge Mattice |
| | ) | Magistrate Judge Lee |
| CARNIVAL CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendant Carnival Corporation's (d/b/a Carnival Cruise Lines) Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. [Court Doc. 4]. Melva Taylor (hereinafter "Plaintiff") brought this action against Carnival Corporation (hereinafter "Defendant") to recover damages stemming from injuries she allegedly sustained on one of Defendant's cruise liners. The Court has jurisdiction because the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332. The parties, however, dispute whether the Eastern District of Tennessee is the appropriate venue for this action.

For the reasons set forth below, the Court hereby **DENIES** Defendant's Motion to Dismiss and **ORDERS** that this action be transferred to the U.S. District Court of the Southern District of Florida, Miami Division.

## I. STATEMENT OF LAW

The United States Court of Appeals for the Sixth Circuit has held that when a party seeks dismissal of an action pursuant to a forum selection clause, Fed. R. Civ. P. 12(b)(3)

is an inappropriate vehicle for dismissal. *Kerobo v Southwestern Clean Fuels Corp.,* 285 F.3d 531, 535 (6th Cir. 2002) (holding a forum-selection clause "do[es] not dictate the forum," but it "should be enforced as a matter of contract law [which does] not [involve the] issue of proper venue"). Rather, "federal law 28 U.S.C. § 1404(a) governed the issue of whether or not to give effect to the forum selection clause in [an] agreement between the parties." *Id.*; see also *Stewart Org. V. Rioch Corp.*, 487 U.S. 22, 29 (1988).

Courts analyze requests to transfer venue pursuant to 28 U.S.C. § 1404(a) by engaging in a two-part analysis. First, a defendant must identify an alternate forum in which venue is proper. *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). Next, the defendant must show that the convenience of the parties and witnesses, and the interests of justice, warrant transfer. See *id*; *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). These burdens are significant. Courts should not disturb a plaintiff's choice of forum unless the defendant makes substantial showings of convenience and justice. *Hoffman v. Blaski*, 363 U.S. 335, 365-66 (1960).

A defendant may meet its burden under 28 U.S.C. § 1404(a) if it establishes that the parties executed a valid, enforceable forum selection agreement that governs the parties' dispute. A forum selection clause is *prima facie* valid and should be enforced unless the resisting party establishes that enforcement would be unreasonable or unfair. *Sec. Watch, Inc. v. Sentinel Sys., Inc.,* 176 F.3d 369, 375 (6th Cir. 1999) ("Forum selection clauses generally are enforced by modem courts unless enforcement is shown to be unfair or unreasonable."). Moreover, the Supreme Court's decision in *Carnival Cruise Lines v. Shute* specifically held that forum selection clauses in a cruise line tickets are enforceable,

despite the lack of bargaining power over the clause and the alleged inconvenience to ticket holders. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 592-95 (1991). Such a forum selection clause is permissible because it "has the salutary effect of dispensing any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.*

However, the "forum-selection clauses contained in form passage contracts are subject to scrutiny for fundamental fairness." *Carnival Cruise Lines*, 499 U.S. at 595. Courts must examine three factors to determine whether the forum selection clause itself is reasonable and fundamentally fair: (1) whether there is indication that the forum was chosen in order to discourage passengers from pursuing legitimate claims; (2) whether there is evidence that the passenger's consent was obtained; and (3) whether the passenger was given the option of rejecting the contract. *Id.*; *Heinz v. Grand Circle Travel,* 329 F. Supp. 896, 902-904 (W.D. Ky. 2004).

"Once the terms and conditions of the ticket contract have been 'reasonably communicated' to the passenger, they are enforceable, whether or not the passenger actually reads them." *Morales v. Royal Caribbean Cruises, Ltd.*, 419 F. Supp. 2d 97, 100-101 (D.P.R. 2006). A party challenging the enforcement of an otherwise enforceable forum selection clause bears a heavy burden in proving that the case should not be transferred. *Elite Physicians Svs. v. Citicorp Payment Svs., Inc.*, No. 1:05-CV-344, 2006 U.S. Dist. Lexis 23963 at * 10-11 (E.D. Tenn. March 17, 2006). A party "must demonstrate why [it]

-3-

should not by bound by [its] contractual choice of a judicial forum." *Hasler Aviation, LLC v. Aircenter, Inc.*, Case No. 1:06-cv-180, 2007 U.S. Dist. Lexis 63143 at * 9-17 (E.D. Tenn. August 27, 2007)

Courts in this district have recently analyzed 12(b)(3) motions to dismiss which were based upon a forum selection clause pursuant to 28 U.S.C. § 1404(a). *Hasler Aviation,* 2007 U.S. Dist. Lexis 63143 at * 17; *Elite Physicians Svs.,* 2006 U.S. Dist. Lexis 23963 at * 10-11. In both instances, the courts resolved the movant's request to enforce a forum selection clause by: (1) ascertaining whether the forum selection clause at issue was enforceable ; and (2) determining whether the transfer of the action would violate 28 U.S.C. § 1404(a). *Hasler Aviation, LLC* 2007 U.S. Dist. Lexis 63143 at * 17-18; *Elite Physicians Svs.,* 2006 U.S. Dist. Lexis 23963 at * 10-11.

## II.    FACTS

On January 3, 2008, Plaintiff filed the instant lawsuit in the Eastern District of Tennessee wherein she asserted claims for personal injuries allegedly sustained while vacationing on one of Defendant's cruise liners. [Court Doc. 5, Mem. Supp. Mot. to Dismiss 1.] Defendant moved for dismissal under Fed. R. Civ. P. 12(b)(3), arguing that the forum selection clause is enforceable and mandates dismissal of the complaint for improper venue. *Id.* Defendant maintains that venue is not proper because the passenger's ticket contract, which the Plaintiff signed, contains a forum selection clause that provides for "all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami." *Id.*

-4-

Plaintiff argues that the forum selection clause should not be enforced because she never read or reviewed the forum selection provision prior to signing the passenger ticket contract. [Court Doc. 6, Pl.'s Resp. To Def.'s Mot. to Dismiss 1-3.] Plaintiff also asserts that transfer is inappropriate, unfair and would be unduly burdensome. All of Plaintiff's expected witnesses, including her treating physicians, are from the McMinnville, Tennessee area. *Id.* Plaintiff also contends that the injuries she sustained make it extremely difficult for her to travel outside of this jurisdiction. *Id.*

 In the alternative, Plaintiff argues that dismissal is inappropriate because the forum selection clause issue is governed by 28 U.S.C. § 1404(a), which allows the Court to transfer the case to the United States District Court for the Southern District of Florida. *Id.* at 6. Defendant agrees that transferring the action to the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a) is an appropriate remedy in lieu of dismissal. [Court Doc. 7, Def.'s Reply at 5.]

III. **ANALYSIS**

A. **The Forum Selection Clause Is Enforceable**

Plaintiff argues against enforcing the forum selection provision because she was never shown the forum selection clause nor read the forum selection clause prior to signing the ticket contract. [Court Doc. 6, Pl.'s Resp. To Def.'s Mot. to Dismiss at 2]. The Court acknowledges that a forum selection clause in a ticket contract must have been "reasonably communicated" and consented to by the passenger in order to be enforceable.

-5-

*Morales*, 419 F. Supp. 2d at 100-101 (D.P.R. 2006). However, the facts, taken most favorably to Plaintiff, do not support a finding that the forum selection clause was not reasonably communicated to the Plaintiff.

Plaintiff admits that she signed the Guest Ticket Acknowledgment Form, which provides that "by signing below, all guests acknowledge that they have received, read, and agree to the Terms and Conditions of the Guest Ticket Contract." Pl.'s Reply Br. 4. This language in the Guest Ticket Contract is plain and unambiguous. There is no evidence that Defendant fraudulently induced Plaintiff to sign the contract nor is there any evidence that Plaintiff did not have the option of refusing to sign the Ticket Contract. Even if Plaintiff never read the provision, the "[f]ailure to read a ticket will not relieve a passenger of any contractual limitation printed on the ticket." *Heinz,* 329 F. Supp. at 902-903 (noting that a "party cannot avoid the effect of contractual provisions to which he is a party by simply choosing not to read the contract."). Accordingly, the Court finds that the parties executed a *prima facie* valid forum selection agreement, and Defendant has met its burden pursuant to 28 U.S.C. § 1404(a).

**B.    The Forum Selection Clause Is Fundamentally Fair**

Next, the Court must ascertain whether enforcement of the parties' forum selection agreement would result in a fundamentally unfair outcome. The parties do not dispute that the forum selection clause, which specified the U.S. District Court in the Southern District of Florida as the appropriate venue for legal disputes, was included in Plaintiff's cruise ticket. The parties also do not dispute that the forum selection clause applies to Plaintiff's

claims against Defendant. Plaintiff also does not assert that the forum was chosen in order to discourage passengers from pursuing legitimate claims or that she was never given the option of rejecting the contract. See *Heinz v. Grand Circle Travel,* 329 F. Supp. 896, 902-904 (W.D. Ky. 2004).

Plaintiff, however, asserts that transfer pursuant to 28 U.S.C. § 1404(a) is inappropriate under the doctrine of *forum non conveniens.* Plaintiff argues that it would be fundamentally unfair to litigate the in Florida because: (1) the witnesses are in Tennessee; (2) the documentary evidence is in Tennessee; and/or (3) her injuries make it difficult for her to travel. Plaintiff Resp. Br. at 5. A party must show "grave difficulty" in litigating at the cruise line's choice of forum in order to invalidate a form selection clause on grounds of "unfairness." *Gomez v. Royal Caribbean Cruise Lines*, 964 F. Supp. 47, 51 (D.P.R. 1997). Plaintiff's arguments, however, fail to meet this "heavy burden of proof." *Morales*, 419 F. Supp. 2d at 100.

A forum selection clause cannot be disregarded merely because the evidence is located in another state. *Elite Phys. Svs.*, 2006 U.S. Dist. Lexis 23963 at * 13-15 (concluding that transfer was appropriate where "[t]he physical evidence necessary to resolve the claims consist mainly of electronic and paper documents, which will be easily transferred."). Moreover, the inconvenience of having these witnesses travel does not render litigating the suit in Florida fundamentally unfair. *Id.* Plaintiff's affidavit, which states that her injuries make travel difficult, might meet the "fundamental unfairness" standard if there was any evidence in the record to support this claim. However, Plaintiff's

"[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Accordingly, the Court finds that the forum selection provision enclosed in Plaintiff's ticket contract is enforceable.

### C. Transfer to the U.S. District Court in Southern District of Florida is Proper

As discussed *supra*, the Court has found that the forum selection clause included in the Plaintiff's ticket is enforceable. Accordingly, the Court must address the parties' request to transfer this action to the U.S. District Court in the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

Courts within the Sixth Circuit have identified nine factors which should be considered when ruling upon a motion to transfer venue under 28 U.S.C. § 1404(a):

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Warner v. Fuller Rehab. & Consulting Servs.,* Case No. 1:05-cv-105, 2005 U.S. Dist. LEXIS 41699 at * 10-12 (E.D.Tenn.June 23, 2005).

However, "where a valid forum-selection clause exists, that clause must be considered in weighing the relevant factors, and the burden of persuasion shifts to the party opposing enforcement of the forum-selection clause." *Wholesale Tape & Supply Co.*

*v. iCode, Inc.,* Case No 1:04-cv-266, 2005 U.S. Dist. LEXIS 38383 at * 25-26 (E.D. Tenn. December 22, 2005) ("Weighing heavily in the Court's analysis is the valid forum-selection provision which constitutes a private agreement on venue.").  In the case at bar, Plaintiff agrees that transferring the action pursuant to 28 U.S.C. § 1404(a) is appropriate because the Court has found that the forum selection clause at issue is enforceable.  Accordingly, the Court hereby **ORDERS**, pursuant to 28 U.S.C. § 1404(a), that this matter be transferred to the United States District Court for the Southern District of Florida.

## IV.    CONCLUSION

For the reasons set forth above, the Court will **DENY** Defendant's Motion to Dismiss [Court Doc.    4].  The Clerk of the Court, however, is hereby **ORDERED** to transfer this case to the United States District Court for the Southern District of Florida, Miami Division.


**SO ORDERED** this 16th day of October, 2008.


_____*/s/Harry S. Mattice, Jr.*_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

-9-